

**IN THE COURT OF CRIMINAL APPEALS**
**OF TEXAS**

**NO. WR-84,064-01**

**EX PARTE JAMES HARRIS JR., Applicant**

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS**
**IN CAUSE NO. 67063-A IN THE 149TH JUDICIAL DISTRICT COURT**
**BRAZORIA COUNTY**

*Per curiam*.

**O R D E R**

In December 2013, a jury found Applicant guilty of the offense of capital murder.

*See* TEX. PENAL CODE § 19.03(a).  Based on the jury's answers to the statutory

punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the

trial court sentenced Applicant to death.[1]  On August 4, 2015, the State filed in this Court

its brief on Applicant's direct appeal.  Pursuant to Article 11.071 §§ 4(a) and (b), and a

---

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas
Code of Criminal Procedure.

motion for extension filed pursuant to Article 11.071 § 4A, Applicant's initial application for a writ of habeas corpus was due to be filed in the trial court on or before March 16, 2016. *See Ex parte Harris*, No. WR-84,064-01 (Tex. Crim. App. Nov. 5, 2015) (not designated for publication).

It has been almost five years since the application was due in the trial court. Accordingly, we order the trial court to resolve any remaining issues in the case within 45 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish